FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 2 5 2015

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 12-3182 JB |
| ) | |
| **CHRISTOPHER ROYBAL**, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Christopher Roybal, and the Defendant's counsel, Jacquelyn Robins:

**REPRESENTATION BY COUNSEL**

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

**RIGHTS OF THE DEFENDANT**

2. The Defendant further understands the Defendant's rights:

    a.    to plead not guilty, or having already so pleaded, to persist in that plea;

    b.    to have a trial by jury; and

    c.    at a trial:

        1)    to confront and cross-examine adverse witnesses,

        2)    to be protected from compelled self-incrimination,

3)   to testify and present evidence on the Defendant's own behalf, and

4)   to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Count 1 of the Second Superseding Indictment, charging a violation of 21 U.S.C. § 846, that being Conspiracy to Distribute Five Kilograms and More of Cocaine; Counts 37, 38, and 39 of the Second Superseding Indictment, charging a violation of 18 U.S.C. § 1956(h), that being Conspiracy to Launder Monetary Instruments; and Count 40 of the Second Superseding Indictment, charging a violation of 18 U.S.C. § 1956(a)(3)(B), that being Laundering of Monetary Instruments.

## SENTENCING

4. As to Count 1, the Defendant understands that the minimum and maximum penalty provided by law for this offense is:

   a.   imprisonment for a period of not less than ten (10) years up to life;

   b.   a fine not to exceed the greater of $10,000,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c.   a term of supervised release of not less than five (5) years and up to life to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d.   a mandatory special penalty assessment of $100.00; and

e.	restitution as may be ordered by the Court.

	5.	As to Count 37, Count 38, and Count 39, the Defendant understands that the maximum penalty provided by law for each offense is:

		a.	imprisonment for a period of not more than twenty (20) years;

		b.	a fine not to exceed the greater of $500,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

		c.	a term of supervised release of not more than three (3) years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

		d.	a mandatory special penalty assessment of $100.00; and

		e.	restitution as may be ordered by the Court.

	6.	As to Count 40, the Defendant understands that the maximum penalty provided by law for this offense is:

		a.	imprisonment for a period of not more than twenty (20) years;

		b.	a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

		c.	a term of supervised release of not more than three (3) years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked —

> even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);
>
> d.     a mandatory special penalty assessment of $100.00; and
>
> e.     restitution as may be ordered by the Court.

7.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

8.     The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

9.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

10.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum

penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

11. From August 2011 to December 12, 2012, I conspired with others to distribute more than 5 kilograms but less than 15 kilograms of cocaine in the Albuquerque and Las Vegas, New Mexico, areas, both of which are located in the District of New Mexico.

12. From August 2011 to December 12, 2012, I was also involved in the distribution of marijuana. In or about April 2012, I conspired with others to launder cash, or proceeds, of my marijuana distribution activities. Specifically, I conspired with others to use couriers to transport cash from Albuquerque, New Mexico, to California. This cash was then paid to my source of supply for marijuana in California with the intent to promote our marijuana distribution activities. The use of couriers to transport the proceeds to California constituted a financial transaction affecting interstate and foreign commerce.

13. From May 24, 2011, through June 3, 2011, I conspired with others to launder cash, or proceeds, of my drug trafficking activities through Bank of the West accounts. Specifically, I would provide cash for deposit into business accounts with Bank of the West. I would then direct the payment of that money in the form of checks payable to various persons. I would then direct those persons to cash the checks and provide me the cash. This includes the following transactions:

   a. On May 24, 2011, $10,000 United States currency was deposited into Bank of the West Account # 024-633941.

   b. On May 27, 2011, $6,000 United States currency was deposited into Bank of the West Account # 024-633941.

      c.      On May 27, 2011, $4,000 United States currency was deposited into Bank of the West Account # 024-633941.

      d.      On May 31, 2011, $20,000 was transferred from Bank of the West Account # 024-633941 to Bank of the West Account # 024-630798.

      e.      On June 3, 2011, a $7,500 check payable to a third party drawn on Bank of the West Account # 024-630798 was cashed.

      f.      On June 3, 2011, a $7,500 check payable to a third party drawn on Bank of the West Account # 024-630798 was cashed.

14. The purpose of these financial transactions was to conceal and disguise the nature, location, source, ownership, and control of the drug money, or proceeds of specified unlawful activity. These financial transactions affected interstate and foreign commerce. These financial transactions occurred in Albuquerque, which is located in the District of New Mexico.

15. From December 12, 2011, through January 26, 2012, I conspired with others to launder cash, or proceeds, of my drug trafficking activities through Kirtland Federal Credit Union accounts. Specifically, I would deposit cash that was the proceeds of my drug trafficking activities into business accounts with Kirtland Federal Credit Union. This includes the following transactions:

      a.      On December 12, 2011, I deposited $4,400 United States currency into Kirtland Federal Credit Union Account # 214845-8.

      b.      On December 28, 2011, I and another person deposited $2,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

      c.      On December 28, 2011, I and another person deposited $3,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

16.     The purpose of these financial transactions was to conceal and disguise the nature, location, source, ownership, and control of the drug money, or proceeds of specified unlawful activity. These financial transactions affected interstate and foreign commerce. These financial transactions occurred in Albuquerque, which is located in the District of New Mexico.

17.     From November 3, 2011, through December 12, 2012, I and another person engaged in money laundering of what I believed to be proceeds from drug trafficking. I had sold drugs to a person who, unbeknownst to me, was a Confidential Human Source (CHS) working at the direction of the Federal Bureau of Investigation (FBI). On January 5, 2012, the CHS introduced me to "Tony," who unbeknownst to me was an FBI Undercover Employee (UCE). I believed that the UCE was a drug dealer and that the UCE sought to launder monies that were proceeds of his drug trafficking activities through me and another person.

18.     On January 19, 2012, I and another person met up with the UCE for the purposes of obtaining $100,000 in cash from the UCE. The UCE provided me and the other person this "investment" for the purpose of using us to "clean" the money and return it to the UCE in a form so that it looked like legitimate earnings. I and another person met the UCE at the Hilton hotel (Crown Plaza), located in Albuquerque, New Mexico. In the hotel parking lot, the UCE provided me and another person a duffle bag containing the $100,000 cash, which I believed to be proceeds of drug trafficking.

19.     I split the $100,000 with the other person 50/50. On or about December 10, 2012, I provided another person $9,000 cash with the understanding that money would be paid to the UCE by check. On December 10, 2012, my coconspirator met with the CHS and provided the CHS a cashier's check for $9,000 for the UCE, made payable to a fictitious company provided by the CHS/UCE, and with a memo line referencing work that was never performed.

20.     As described herein, I believed that the cash provided to me by the UCE was proceeds of a specified unlawful activity, that being drug trafficking.  I knowingly conducted financial transactions affecting interstate commerce of these proceeds.  I did so with the intent to disguise the nature, location, source, and ownership of the proceeds.  These financial transactions occurred in Albuquerque, which is located in the District of New Mexico.

21.     I further admit that I do not have any exculpatory information about any of the co-defendants in this case.

22.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.  The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

23.     The United States and the Defendant recommend as follows:

    a.     The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 14 years (168 months) imprisonment is the appropriate disposition in this case.  The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

    b.     The Defendant and the United States have further agreed to the following calculations under the United States Sentencing Guidelines:

1) USSG § 2D1.1(c)(5): Base offense level of 30 (5 to 15 kilograms of cocaine);

2) USSG § 2S1.1(b)(2)(B): 2-level increase for a conviction under 18 U.S.C. § 1956;

3) USSG § 3B1.1(c): 2-level increase for organizer, leader, manager, or supervisor;

4) Total offense level: 34

5) USSG § 3E1.1: Three-level decrease for acceptance of responsibility

6) Adjusted offense level: 31

7) Using Adjusted Offense Level of 31 with a criminal history category of III, guideline imprisonment range is 135-168 months' incarceration.

c. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

**DEFENDANT'S ADDITIONAL AGREEMENT**

24. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

25. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

26. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of 14 years (168 months) as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

27. The Defendant has agreed that he possesses no exculpatory information as to any of the co-Defendants in this case. If, contrary to this representation, the Defendant testifies on behalf of any co-Defendant and provides exculpatory information on that co-Defendant's behalf, the Defendant understands that the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## FORFEITURE

28. The Defendant agrees to the imposition of a money judgment against the Defendant in the amount of $184,080, this amount being due at the time of the Defendant's sentencing.

29. The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a. 8004 Saddlebrook, Albuquerque, New Mexico 87120 – Lot 11, P1 Block 12, Vacation and Replat for Parkwest Unit 5, Albuquerque, NM; and

    b. 1967 Chevrolet Camaro (VIN #124377L161370).

30. The Defendant agrees to waive his right to notice of any forfeiture proceeding involving the above-described property.

31. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all his constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any of his jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any of his claims or defenses under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

32. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement,

as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

33. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss the remaining counts in the Second Superseding Indictment as to this Defendant.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

34. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

35. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

36. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

37.	At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $500 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

38.	This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 25th day of February, 2015.

DAMON P. MARTINEZ
United States Attorney

Shana B. Long
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Jacquelyn Robins
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Christopher Roybal
Defendant