IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                  No. CR 12-3182 JB

CHRISTOPHER ROYBAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Christopher Roybal's Formal Objections and Sentencing Memorandum, filed July 10, 2015 (Doc. 985)("Objections"). The Court held a sentencing hearing on July 28, 2015. The primary issue is whether the Court should assess 2 additional points to Defendant Christopher Roybal's criminal history score under U.S.S.G. § 4A1.1(d) for committing the federal offenses for which the Court is sentencing him while he was serving a criminal justice sentence. The Court will not assess 2 additional points to Roybal's criminal history score, because Plaintiff United States of America has not shown by a preponderance of the evidence that Roybal committed the federal offenses while serving a criminal justice sentence. Accordingly, the Court will sustain Roybal's objection to paragraph 63 of the Presentence Investigation Report, disclosed April 17, 2015 ("PSR"), that the United States Probation Office ("USPO") prepared.

## ANALYSIS

The Court will sustain Roybal's objection to paragraph 63 of the PSR. Under § 4A1.1(d) of the United States Sentencing Guidelines, the Court adds 2 points to a defendant's criminal history if the defendant commits the "instant offense" while under a criminal justice sentence.

U.S.S.G. § 4A1.1(d).   The Application Notes specify that "instant offense" includes relevant conduct.  U.S.S.G. § 4A1.1(d), cmt. n. 4.

Paragraph 63 adds two points to Roybal's criminal history score based on Roybal allegedly committing the acts described in Counts 16 and 17 of the Second Superseding Indictment, filed September 9, 2014 (Doc. 626)("Indictment"), while on probation for his 2009 convictions for possession of cocaine and driving under the influence.  To be sure, Counts 16 and 17 fall within Roybal's probationary period for his 2009 charge.  Roybal was on probation from January 21, 2009, to March 17, 2010.  Count 16 alleges that Roybal laundered money from January 15, 2010, through January 20, 2010, and Count 17 alleges that he laundered money from February 16, 2010, through February 18, 2010.  Aside from pointing to Counts 16 and 17 of the Indictment, however, the PSR provides no evidence that Roybal committed those offenses.

"The Court may consider, as relevant conduct, actions that have not resulted in a conviction."   United States v. Tobanche, No. CR 13-2642 JB, 2015 WL 4481259, at *10 (D.N.M. July 16, 2015)(Browning, J.).  Moreover, evidentiary standards lower than beyond a reasonable doubt are permitted to show relevant conduct.  See U.S.S.G. § 6A1.3, cmt.  The Court is not limited to "information that would be admissible at trial."  U.S.S.G. § 6A1.3, cmt.  The Court can only consider a defendant's conduct, however, if the United States establishes it by a preponderance of the evidence.  See United States v. Vigil, 476 F. Supp. 2d 1231, 1245 (D.N.M. 2007)(Browning J.).  Accord United States v. Schmidt, 353 F. App'x 132, 135 (10th Cir. 2009)(unpublished)[1]("The district court's determination of 'relevant conduct' is a factual finding

---

[1]United States v. Schmidt is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

subject to a preponderance of the evidence standard, and clear error review.").  Roybal did not

plead guilty to either Count 16 or 17, and none of the counts to which Roybal pled include

conduct that occurred while he was on probation.  Although the preponderance-of-the-evidence

standard is not a stringent one, merely pointing to an indictment's allegations -- without any

evidence that Roybal committed the alleged conduct -- is insufficient.  The United States

concedes as much in their response to Roybal's objections, and has not presented any evidence to

support the conduct alleged in Counts 16 and 17.  Accordingly, the Court will sustain Roybal's

objection to paragraph 63 of the PSR, and will not add 2 criminal history points to Roybal's

criminal history score under § 4A1.1(d).

**IT IS ORDERED** that Defendant Christopher Roybal's objection to paragraph 63 of the

Presentence Investigation Report, disclosed April 17, 2015, in Defendant Christopher Roybal's

Formal Objections and Sentencing Memorandum, filed July 10, 2015 (Doc. 985), is sustained.

_____
UNITED STATES DISTRICT JUDGE

---

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that United States v. Schmidt has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 4 -

*Counsel*:

Damon P. Martinez
    United States Attorney
Joel R. Myers
Cynthia Weisman
Stephen R. Kotz
Shana Long
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Jacquelyn Robins
Albuquerque, New Mexico

   *Attorney for the Defendant*