IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                            No. CV 16-0932 JB/LAM
                                                 CR 12-3182 JB

CHRISTOPHER ROYBAL,

    Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on August 15, 2016. In his motion, Defendant claims that his trial counsel was ineffective for failing to file motions to suppress evidence and motion to compel discovery (*Doc. 1* at 4-5), and for failing to object to a monetary judgment and sentencing enhancements (*id.* at 7-8). Plaintiff/Respondent (hereinafter "the Government") filed a response to the Section 2255 motion on September 26, 2016 [*Doc. 6*], and, on October 17, 2016, Defendant filed a supplemental memorandum of law in support of his § 2255 motion [*Doc. 7*]. On

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0932 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-12-3182 cited in this decision will be designated as "*Cr.Doc.*".

November 2, 2016, this case was reassigned to the undersigned as the pretrial judge (*Doc. 8*), and, on March 10, 2017, United States District Judge James O. Browning referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary (*Doc. 9*).  Having considered the motion, response, supplemental memorandum, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-12-3182, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-16-932 be **DISMISSED with prejudice**.

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On February 25, 2015, Defendant entered into a plea agreement with the Government (*Cr.Doc. 799*), under which Defendant pled guilty to counts 1, 37, 38, 39, and 40 of a 63-count Second Superseding Indictment (*Cr.Doc. 626*).  In the plea agreement, the Government and Defendant agreed to a specific sentence of 168 months pursuant to Federal Rule of Civil Procedure 11(c)(1)(C).  [*Doc. 799* at 8].  In exchange for this specific sentence, Defendant agreed, *inter alia*, to plead to the above-listed counts and to waive his right to appeal his conviction and sentence, including any fine and order of restitution, as well as collateral attack pursuant to 28 U.S.C. § 2255, except on the issue of defense counsel's ineffective assistance.  *See id.* at 11-12.  The counts to which Defendant pled guilty are: (1) conspiracy to distribute five

kilograms and more of cocaine, in violation of 21 U.S.C. § 846; (37), (38), and (39) conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); and (40) laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(3)(B).  [*Cr.Doc. 799* at 2].  On July 28, 2015, the Court sentenced Defendant to a total of 168 months in prison, with a total of five years of supervised release.  [*Cr.Doc. 1025* at 3-4].  Defendant timely filed his § 2255 motion on August 15, 2016.[3]  [*Doc. 1*].

## Discussion

In his motion, Defendant claims that his counsel was ineffective for: (1) failing to file a motion to suppress and failing to move to compel discovery related to "the Government's possible unauthorized use of a 'StingRay' cell-site simulator that was used to gather evidence against the Defendant" (*Doc. 1* at 4); (2) "failing to file a motion that ensured Defendant's Fourth Amendment rights were not violated when investigators used a warrantless [Global Positioning System] GPS device on [Defendant's] vehicle in 2010" (*id.* at 5); (3) failing to object to the monetary judgment of $186,000 (*id.* at 7); and (4) failing to object to a "leadership role enhancement and relevant conduct drug quantities that were incorrectly attributed to the Defendant," which "result[ed] in an i[m]properly calculated base offense level and guideline range" (*id.* at 8).

In response, the Government states that "the Federal Bureau of Investigation conducted a long-term wiretap investigation of a drug trafficking and money laundering organization run by [Defendant] in central and northern New Mexico."  [*Doc. 6* at 1].  The Government contends that

---

[3] A motion under 28 U.S.C. § 2255 is timely if it is filed within one year from the date the conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  The Tenth Circuit has explained that a defendant's judgment becomes final on the date the time to file a direct appeal expires.  *See United States v. Spry*, No. 07-1315, 260 Fed. Appx. 52, 55 n.2, 2008 WL 41063 (10th Cir. Jan. 2, 2008) (unpublished) (citations omitted).  Since Defendant's judgment was entered on July 28, 2015 (*see Cr.Doc. 1025* at 2-3), his time to file a direct appeal expired on August 14, 2015 (*see* Fed. R. App. P. 4(b)(1)(A)(i), requiring defendant in a criminal case to file a notice of appeal within 14 days of the entry of judgment).  Since Defendant's § 2255 motion was placed in the mail on August 12, 2016 (*see Doc. 1* at 15), it is timely.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (explaining that a prisoner's pleading is considered filed at the moment of delivery to prison authorities for forwarding to the court).

3

Defendant "fails to allege which phone was [the] subject of the [cell-site simulator] interception and how the cell-site simulator led to such interception." *Id.* at 5. The Government also contends that "[D]efendant fails to provide any nexus between the use of the cell-site simulator and the evidence to which he would have sought suppression," and fails to show that a motion to suppress would have been successful. *Id.* Similarly, with regard to Defendant's claim that his counsel was ineffective for failing to move to suppress the results of a tracking device, the Government contends that Defendant "alleges no facts as to which evidence such a motion to suppress pertained," and "fails to state the effect of such motion" or "how the hoped-for result would have benefited him." *Id.* The Government, therefore, contends that Defendant has failed to show that his counsel was ineffective for failing to file these motions to suppress, and states that "filing such motions may have prevented [Defendant's counsel] from securing the beneficial plea offer received by [D]efendant." *Id.* at 6.

Next, the Government contends that Defendant's counsel was not ineffective for failing to object to the money judgment in the amount of $186,000 because Defendant agreed to a money judgment in this amount in the plea agreement. *Id.* The Government notes that Defendant's counsel "effectively reduced [D]efendant's exposure with respect to the money judgment by just shy of $4 million." *Id.* Finally, the Government disputes Defendant's claim that his counsel was ineffective for failing to object to Defendant receiving a leader/organizer enhancement and the inclusion of relevant conduct regarding marijuana distribution. *Id.* at 7. The Government contends that Defendant agreed to the leader/organizer enhancement in the plea agreement (*see id.*, citing *Cr.Doc. 799* at 9), and that Defendant's counsel "did, in fact, succeed in getting her objection sustained with respect to relevant conduct on several of the money laundering counts" (*id.*, citing *Cr.Doc. 1016*). The Government contends that "[t]he remaining marijuana counts did

4

nothing to affect [D]efendant's Guidelines range," and notes that "even with the assessment for leader/organizer and the inclusion of the marijuana distribution as relevant conduct, [D]efendant received a sentence which was 42 to 94 months less than the advisory Guidelines sentence."  *Id.*

In Defendant's supplemental memorandum, he states that, "[i]n 2010, the FBI conducted an investigation into the activities of Luis Villa and Hugo Chavez in which wiretaps were used." [*Doc. 7* at 3].  Defendant states that it was discovered that the affiant in that case, Agent Jeremy Clegg, had cut and pasted facts of an earlier, unrelated investigation into an affidavit in support of a search warrant for Villa and Chavez, and that, as a result of the flawed wiretap investigation, the Government moved to dismiss their case against Chavez and his co-conspirators. *See id.* at 3 and 5.  Defendant contends that it was during the Chavez wiretap investigation that the FBI learned that Defendant was working with Chavez, and began tracking Defendant's car.  *See id.* at 4-5.  Defendant contends that "[t]he [G]overnment should not be able to benefit from the unconstitutional acts from the [Chavez] investigation by using information gather [sic] from that investigation in this case."  *Id.* at 15.  In addition, Defendant states that "[t]he [G]overnment makes no reference to **authorization** ever being granted for the use of the stingray device" (*id.* at 12), and contends that "the [G]overnment's unauthorized use of a stingray device clearly violates the principles of the Fourth Amendment of the United States Constitution," and that "Defense counsel should have moved to suppress what is a clear constitutional violation" (*id.* at 16).

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an

5

objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance.  *Id.* at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id*. To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms."  *Id.* at 688.  To demonstrate prejudice, Defendant must show a reasonable probability, "sufficient to undermine confidence in the outcome," that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors.  *Id.* at 694.  The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on either one of the prongs.  *Id.* at 697.  The *Strickland* analysis applies to plea proceedings.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the Strickland test applied to challenges to guilty pleas based on ineffective assistance of counsel).   In the context of guilty pleas, to show prejudice under *Strickland*, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012) (citation and internal quotation marks omitted); *see also United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007).

### 1.  *Stingray Device*

Defendant's fist claim is that his counsel was ineffective for failing to file a motion to suppress or a motion for discovery related to the use of a "stingray" device.  [*Doc. 1* at 4]. Defendant contends that the Government used this device "to determine that the Defendant was in control of an additional cell phone that was not the target phone, and to gather phone numbers and information against the Defendant and his co-defendants, which ultimately leg [sic] to the interception of 716 phone calls and 186 text messages."  *Id.*; *see also* [*Doc. 7* at 12] (stating that the device led to the interception of 716 phone calls and 187 text messages).  In determining

whether counsel's performance falls below an objective standard of reasonableness, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Rushin*, 642 F.3d 1299, 1307 (10th Cir. 2011) (citation and internal quotation marks omitted). "Strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy." *United States v. Jordan*, 516 F. App'x 681, 682 (10th Cir. 2013) (unpublished) (citation and internal quotation marks omitted). Here, Defendant fails to state what evidence was allegedly gathered by the stingray device, and fails to set forth any grounds upon which his counsel could have filed a motion to suppress evidence gathered from the use of this device. Instead, Defendant merely states that "the *possible* warrantless use of such a device violates the Fourth Amendment" (*Doc. 1* at 4, emphasis added), that "[t]he use of this 'stingray' device has caused quite a controversy across the country due to the potential Fourth Amendment violations and privacy issues that result from its use" (*Doc. 7* at 11), and that "it is unclear if the agents attained a warrant for the use of the stingray" (*id.* at 15). Accordingly, since Defendant's contention that the Government used the stingray device in violation of his Fourth Amendment rights is based on speculation that the device was used without a warrant, the Court finds that Defendant has failed to show that his counsel's failure to file a motion to suppress evidence from the stingray device was deficient. The Court also finds that Defendant's contention that his counsel was ineffective for failing to move to compel discovery related to the stingray device (*see Doc. 1* at 4) is without merit because Defendant's counsel did file a motion to compel discovery, specifically wiretap and other electronic surveillance evidence (*see Cr.Doc. 334* at 26-33). In addition, the Court finds that Defendant fails to show any prejudice from his counsel's alleged deficient performance.

Defendant neither states nor provides any support for a finding that, absent his counsel's allegedly deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Missouri*, 132 S.Ct. at 1409 (explaining that, to show prejudice under *Strickland*, the defendant will have to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Therefore, the Court finds that this claim is without merit and recommends that it be denied.

### 2. GPS Tracking Device

Next, the Court finds that Defendant has failed to support his claim that his counsel was ineffective for failing to file a motion to suppress evidence related to a GPS tracking device. *See* [*Doc. 1* at 5]. Defendant does not state what evidence was gathered from the use of this device, or upon what grounds his counsel could have filed a suppression motion. Instead, Defendant makes conclusory allegations that this device was used "to gather evidence that was eventually used to secure [Defendant's] indictment and conviction," and that his "[c]ounsel was ineffective for failing to file a motion that ensured Defendant's Fourth Amendment rights were not violated" are conclusory. [*Doc. 1* at 5]; *see Jordan*, 516 Fed. Appx. at 682 (explaining that "although [the court] must liberally construe defendant's pro se petition, [it is] not required to fashion defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments") (citation, brackets, and internal quotation marks omitted). In addition, Defendant fails to make any showing that, absent his counsel's allegedly deficient performance, he would not have pleaded guilty and would have insisted on going to trial. For these reasons, the Court finds that this claim is without merit and recommends that it be denied.

### *3. Monetary Judgment*

Defendant next contends that his counsel was ineffective for failing to object to the $186,000 monetary judgment because Defendant contends that he is unable to pay this amount. *See* [*Doc. 1* at 7].  In the plea agreement, Defendant agreed to pay $184,080.  [*Cr.Doc. 799* at 11].  Defendant provides no support for his contention that he is unable to pay that amount, and fails to state the grounds upon which his counsel should have objected.  The Court, therefore, finds that this claim is conclusory and recommends that it be denied.

### *4. Sentencing Guidelines Enhancements*

Defendant's fourth claim is that his counsel was ineffective for failing to object to a "leadership role enhancement and relevant conduct drug quantities that were incorrectly attributed to the Defendant," which "result[ed] in an i[m]properly calculated base offense level and guideline range."  [*Doc. 1* at 8].  In the plea agreement, Defendant agreed to a base offense level of 30 for "5 to 15 kilograms of cocaine" under U.S.S.G. § 2D1.1(c)(5), and a "2-level increase for organizer, leader, manager, or supervisor" under U.S.S.G. §3B1.1(c).  [*Cr.Doc. 799* at 9].  Defendant contends that his counsel should have objected "to the leadership role attributed to the Defendant," stating that "there were fewer than five or more people," and that "[i]n this instance there can only be a manger supervisor role if any were justified."  [*Doc. 1* at 8].  Defendant fails to provide any support for this claim and the Court notes that the 2-level increase includes the roles of manager or supervisor.  The Court also notes that Defendant's counsel objected to Paragraph 63 of the Presentence Report, which added 2 points to his criminal history (*Cr.Doc. 985*), and the District Judge in his criminal case sustained those objections (*Cr.Doc. 1016*).  In addition, at Defendant's sentencing hearing, Defendant told the District Judge that he and his counsel had reviewed the Presentence Report and its addenda, and Defendant did not state that he had any further objections

to the presentence report.  *See* [*Cr.Doc. 1028* at 2-3].  The District Judge then found that Defendant faced a Guideline range of 210 to 262 months (*see id.* at 9-10); however, Defendant was sentenced to only 168 months pursuant to Fed. R. Crim. P. 11(c)(1)(C) (*see id.* at 11 and 20), which is the specific sentence the parties agreed to in the plea agreement (*see Cr.Doc. 799* at 8). The Court, therefore, finds that Defendant has failed to show how he was prejudiced by any alleged deficient performance by his counsel with regard to the Guideline range, especially since he was sentenced to 42 months below the low end of the Guideline range for his crimes.  For these reasons, the Court finds that this claim is without merit and recommends that it be denied.

### *5.  Wiretaps Relating to Chavez Case*

Finally, the Court addresses Defendant's statement in his supplemental memorandum that "[t]he [G]overnment should not be able to benefit from the unconstitutional acts from the [Chavez] investigation by using information gather[ed] from that investigation in this case."   [*Doc. 7* at 15]. To the extent that Defendant is attempting to raise a new claim in his supplemental memorandum, this claim is untimely because it is filed more than one year after his conviction became final, and should be denied for that reason.   This claim should also be denied because Defendant has waived his right to collaterally attack his conviction and sentence except on the issue of his counsel's ineffective assistance.  *See* [*Cr.Doc. 799* at 12].  Defendant does not allege that his counsel was ineffective in relation to this claim and, therefore, he has waived it pursuant to his plea agreement. Finally, the Court notes that counsel for Defendant and his co-defendants filed a 77-page joint motion to suppress evidence related to the Chavez wiretaps (*see Cr.Doc. 753*), and counsel for both sides stated at Defendant's sentencing hearing that this motion to suppress was key to the parties' being able to enter into a plea agreement (*see Cr.Doc. 1028* at 12-19) in which the parties

agreed to a specific sentence of 168 months for Defendant.   For these reasons, the Court finds that this claim is without merit and recommends that it be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 Motion be **DENIED**, and that Case No. CIV-16-932 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**